**IN THE UNITED STATES COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRAVIS FUNT, individually and as parent and natural guardian of M.F., a minor and ADAM FUNT | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| Plaintiffs | : | |
| v. | : | No: 1:26-cv-02341-KMN |
| WESTERN MARYLAND CONCRETE, INC., and JOSE REYES LOPEZ | : | |
| Defendants | : | |

**RULE 12 MOTION ON BEHALF OF DEFENDANTS, WESTERN MARYLAND CONCRETE, INC., AND JOSE REYES LOPEZ**

Defendants, Western Maryland Concrete, Inc., and Jose Reyes Lopez, through their attorneys, Marshall Dennehey, P.C., hereby file the within motion pursuant to FRCP 12(b)(6) and (f) and, in support there of, state as follows:

1. Plaintiffs commenced the within action by Complaint on August 13, 2026 in the United States District Court for the Middle District of Pennsylvania. (Doc. 1)

2. According to the Complaint, on February 4, 2026 Rebecca Funt, deceased wife of Plaintiff, Travis Funt, and mother of Plaintiffs, Adam Funt and minor M.F., was traveling as a pedestrian when she was struck by the vehicle driven by Defendant, Jose Reyes Lopez. (Doc. 1 at ¶s 8 and 10)

3. Plaintiffs allege that Rebecca Funt succumbed to her injuries as a result of the February 4, 2026 incident. (Doc. 1 at ¶ 12)

4. Plaintiffs' Complaint contains four causes of action: Count I (Negligence); Count II (Negligence); Count III (Negligent Hiring, Training and Retention); and Count IV (Loss of Consortium on behalf of Travis Funt, individually and as parent and natural guardian of minor M.F.). (Doc. 1)

5. Pursuant to Pennsylvania Law, which governs this diversity of citizenship matter, Defendants now move this Honorable Court for an Order: (1) dismissing any alleged Survival Action and/or to strike any request for Survival Action damages, as an estate is not a party to the case; (2) dismissing Plaintiffs' Complaint for failing to bring the action for alleged wrongful death damages as trustee ad litem on behalf of all persons entitled to share in the claimed damages; and (3) striking Plaintiffs' request for attorneys' fees and cost.

6. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a Complaint for failure to state a claim upon which relief can be granted. Fed. R.C.P. 12(b)(6).

7. The purpose of a 12(b)(6) motion is to test the legal sufficiency of a Complaint. *Holder v. City of Allentown,* 987 F. 2d 188, 194 (3d. Cir. 1993). If a Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its

face" dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

8. Moreover, Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may strike from a pleading any redundant, immaterial, impertinent or scandalous matter. Fed.R.C.P. 12(f).

9. In Counts I and III of their Complaint, Plaintiffs allege that they have incurred economic damages including medical expenses, funeral and burial costs, lost earning capacity and lost benefits. (Doc. 1 at ¶s 22 and 31).

10. Pursuant to Rules 12(b)(6) and/or 12(f) of the Federal Rules of Civil Procedure, Defendants seek to dismiss any alleged survival action claim and/or to strike Plaintiffs' request for lost earning capacity and lost benefits, as those damages are recoverable exclusively by the estate, which is not a party to this case.

11. While Plaintiffs' Complaint does not specifically set forth a survival action, Plaintiffs request damages for lost earning capacity and lost benefits, which are recoverable items of damages for a survival action in Pennsylvania. *Kiser v. Schulte,* 648 A.2d. 1 (Pa. 1994).

12. Under long-standing Pennsylvania jurisprudence, lost earning capacity claims belong exclusively to an estate via a survival action and cannot be recovered in a wrongful death action. *Id.*

13. Here; however, Plaintiffs' Complaint requests damages for lost earning capacity and "lost benefits" without setting forth a Survival Action 42 Pa. C.S. §8302 and, also, without having an estate as a party to the case.

14. Plaintiffs lack capacity and standing to recover survival damages and, accordingly, any purported claim pursuant to Pennsylvania's Survival Act or claim for survival damages must be dismissed and/or stricken.

15. Additionally, Plaintiffs' Complaint is brought on behalf of Travis Funt, individually and as parent and natural guardian of minor M.F. and Adam Funt, not on behalf of any personal representative of an estate. Although individually named beneficiaries have standing to bring a cause of action for wrongful death damages, here, the Complaint fails to indicate that the action is brought by a "trustee ad litem" on behalf of all beneficiaries as required by the Pennsylvania Rule of Civil Procedure 2202.

16. Accordingly, Plaintiffs' Complaint is defective and should be dismissed for failing to comply with the pertinent rules requiring a statutory beneficiary bring the action as a trustee ad litem for all eligible beneficiaries.

17. Lastly, pursuant to the "American Rule," litigants bear their own costs of suit unless there is a statutory authorization for such recovery, an agreement of the parties, or another established exception. *In Re: Nomination Petition of*

*Lawrence M. Farnese, Jr.,* 17 A.3d 357 (Pa. 2011), quoting *Trizechahn Gateway, LLC v. Titus,* 976 A.2d 474, 482-83 (Pa. 2009).

18. No such circumstances are alleged in Plaintiffs' Complaint and no such circumstances exist.

19. Plaintiffs have not cited to any statute or other legal authority requiring Defendants to cover the costs of their attorneys' fees and/or court costs, nor does the Complaint contain any allegations that an agreement exists between the parties that would require Defendants to pay Plaintiffs' attorneys' fees or costs.

20. Absent some recognized exception to the American Rule, Plaintiffs are not permitted to recover their attorneys' fees and/or court costs.

21. Accordingly, Plaintiffs' request for attorneys' fees and costs must be stricken.

Respectfully submitted:

Sarah E. Argo, Esquire
Marshall Dennehey, P.C.
Attorney I.D. No: 306740
P.O. Box 3118
Scranton, PA 18505-3118
(570) 496-4654
seargo@mdwcg.com